No. 1405. Aultman v. Harrison. This was an action brought by the appellant, an incorporated company, against the appellee, on a promissory note dated August 15, 1882, and payable to the appellant on the 1st day of January, 1884, as part of the purchase price of a traction engine sold by the appellant to the appellee—the consideration for the engine being $1,200 : five hundred dollars paid in cash, and two notes given, each for the sum of $350, one due on the 1st day of November, 1882, which was paid at maturity, the other note being the one in suit. Appellee filed two special pleas, alleging a warranty of the engine and a breach of the warranty, and damages by reason of the breach. Appellant filed replications denying the warranty as alleged by the appellee, and averring that it was one of the conditions of the warranty that if within five days from the date of the first use said engine should fail to fill said warranty, appellee should give the appellant, and also the local agent, written notice, stating wherein it failed to fill the warranty, and was to allow the appellant a reasonable time in which to remedy said defects ; and if the appellant failed to remedy said defects, then the appellee was to return the engine to the place from which he received it ; and alleges that no notice of any defects as required was given to the appellant, nor request made to the appellant to remedy any defects, and that no return of the engine to the place from which it was received was ever made. And for a further replication alleges that, as a part of said warranty, it was agreed that the continued use of the said engine should be evidence of the fulfillment of the said

warranty; and further alleges that the appellee retained the engine for two years and used it, and then sold it. Appellee rejoins by alleging notice to the local agents, and that they waived written notice; and alleging further that appellant failed to make the said engine fill the warranty, and that he did not return the engine, for the reason the appellant requested him to retain and not return it, and concludes to the country, etc. Appellant files a sur-rejoinder, denying, among other things, the waiver of written notice by Deyo Brothers, for the appellant, and also denies that appellant requested appellee to retain and not return said engine. Trial and verdict for defendant, on which judgment was entered for the defendant, from which judgment this appeal is taken. The judgment is reversed for modifications made by the court below to certain of appellant's instructions. The modifications were erroneous in that there was no evidence upon which to predicate them. Opinion by WELCH, J. Judge below, F. M. SHAW. Attorneys, for appellant, Mr. MILES FULLER; for appellee, Messrs. EDWARDS & EVANS. Opinion filed June 8, 1886.